RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 APR 26 PM 4:55

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHUYI MO, a/k/a "Justin Mok"<br><br> <br><br>Defendant. | INDICTMENT<br><br>CRIMINAL NO. 23-166 (FAB)<br><br>VIOLATION:<br>Counts 1-31: 18 U.S.C. § 1343<br>Count 32: 18 U.S.C. §§ 1349, 1343<br>Count 33: 18 U.S.C. §§ 371, 545<br><br>THIRTY-THREE COUNTS |

THE GRAND JURY CHARGES

At all times material to this Indictment,

## GENERAL ALLEGATIONS

### A. Relevant Individuals and Entities

1. U Fair Tile and Mosaic Co., Ltd. ("U Fair") was a company based in Guangdong, People's Republic of China ("PRC") that, among other things, claimed to design porcelain mosaic tiles.

2. Neviews Development Co. Ltd. ("Neviews") was a company based in Hong Kong that was affiliated with U Fair. Among other things, Neviews exported PRC-manufactured mosaic tiles to various countries, including the United States.

3. Morro Marketing Enterprise ("Morro") was a purported Malaysia-based, supplier of mosaic tiles.

4. Defendant SHUYI MO, a/k/a "Justin Mok," was a PRC citizen residing in Guangdong, PRC. He self-identified on social media as the "general sales manager" of U Fair and as

1

the "exporting manager" of Neviews. SHUYI MO, a/k/a "Justin Mok," also served as the point of contact for Morro.

5. Company A was an entity incorporated under the laws of Puerto Rico that, among other things, imported porcelain tiles to Puerto Rico from Neviews and Morro.

6. Individual A was the president, secretary, treasurer, and agent of Company A.

**B. Duties Imposed on Certain Goods Manufactured in PRC**

7. A countervailing duty is a tax imposed on imported goods that is designed to offset subsidies made to producers of these goods in the country of export. As of in or about 2021 and continuing through the date of the return of this Indictment, porcelain mosaic tiles manufactured in PRC and imported into the United States were subject to a countervailing duty of 358.81% of the value of the imported merchandise.

8. An anti-dumping duty is a tax imposed on imported goods that are priced below their fair market value. As of in or about 2021 and continuing through the date of the return of this Indictment, porcelain mosaic tiles manufactured in PRC were subject to anti-dumping duties of 330.69% of the value of the imported merchandise.

9. Pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. §§ 2411-2420, and Presidential Proclamation 9693 issued on January 23, 2018, porcelain mosaic tiles manufactured in PRC were subject to duties of 25% of the value of the imported merchandise.

<u>**Counts One through Thirty-One**</u>
**Wire Fraud**
(18 U.S.C. § 1343)

10. The Grand Jury realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 9 of this Indictment.

11. Beginning on a date unknown but not later than in or about 2021, and continuing through in or about June 2022, SHUYI MO, a/k/a "Justin Mok," aiding and abetting others, devised and intended to devise a scheme to defraud the United States of duties lawfully owed to it, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means

12. Beginning on a date unknown but not later than in or about 2021 and continuing through in or about June 2022, SHUYI MO, a/k/a "Justin Mok," coordinated with Individual A, Company A, and others to transport PRC-manufactured porcelain mosaic tiles from PRC to Malaysia before shipping them to Puerto Rico, to make it appear as though Malaysia was the country of origin of the tiles.

13. SHUYI MO, a/k/a "Justin Mok," in coordination with Individual A and others, would arrange for the boxes containing PRC-manufactured porcelain tiles to be mislabeled with "made in Malaysia" stickers.

14. SHUYI MO, a/k/a "Justin Mok," through Morro, would charge Individual A and Company A a fee both for shipping porcelain mosaic tiles from PRC to Malaysia, and for later mislabeling the boxes containing these tiles.

15. SHUYI MO, a/k/a "Justin Mok," aiding and abetting Individual A, Company A, and others, caused false representations to be made to United States Customs and Border Protection personnel in that the documents submitted in connection with Company A's importation of porcelain mosaic tiles falsely represented the tiles' country of origin as Malaysia when SHUYI MO, a/k/a "Justin Mok," and Individual A well knew that the tiles were actually

3

RECEIVED AND FILED
CLERK'S OFFICE USDC PR
2023 APR 26 PM 4:55

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SHUYI MO, a/k/a "Justin Mok"<br><br>Defendant. | INDICTMENT<br><br>CRIMINAL NO. 23-166 (FAB)<br><br>VIOLATION:<br>Counts 1-31: 18 U.S.C. § 1343<br>Count 32: 18 U.S.C. §§ 1349, 1343<br>Count 33: 18 U.S.C. §§ 371, 545<br><br>THIRTY-THREE COUNTS |

THE GRAND JURY CHARGES

At all times material to this Indictment,

## GENERAL ALLEGATIONS

### A. Relevant Individuals and Entities

1. U Fair Tile and Mosaic Co., Ltd. ("U Fair") was a company based in Guangdong, People's Republic of China ("PRC") that, among other things, claimed to design porcelain mosaic tiles.

2. Neviews Development Co. Ltd. ("Neviews") was a company based in Hong Kong that was affiliated with U Fair. Among other things, Neviews exported PRC-manufactured mosaic tiles to various countries, including the United States.

3. Morro Marketing Enterprise ("Morro") was a purported Malaysia-based, supplier of mosaic tiles.

4. Defendant SHUYI MO, a/k/a "Justin Mok," was a PRC citizen residing in Guangdong, PRC. He self-identified on social media as the "general sales manager" of U Fair and as

1

the "exporting manager" of Neviews.  SHUYI MO, a/k/a "Justin Mok," also served as the point of contact for Morro.

5. Company A was an entity incorporated under the laws of Puerto Rico that, among other things, imported porcelain tiles to Puerto Rico from Neviews and Morro.

6. Individual A was the president, secretary, treasurer, and agent of Company A.

**B. Duties Imposed on Certain Goods Manufactured in PRC**

7. A countervailing duty is a tax imposed on imported goods that is designed to offset subsidies made to producers of these goods in the country of export.  As of in or about 2021 and continuing through the date of the return of this Indictment, porcelain mosaic tiles manufactured in PRC and imported into the United States were subject to a countervailing duty of 358.81% of the value of the imported merchandise.

8. An anti-dumping duty is a tax imposed on imported goods that are priced below their fair market value.  As of in or about 2021 and continuing through the date of the return of this Indictment, porcelain mosaic tiles manufactured in PRC were subject to anti-dumping duties of 330.69% of the value of the imported merchandise.

9. Pursuant to Section 301 of the Trade Act of 1974, 19 U.S.C. §§ 2411-2420, and Presidential Proclamation 9693 issued on January 23, 2018, porcelain mosaic tiles manufactured in PRC were subject to duties of 25% of the value of the imported merchandise.

**Counts One through Thirty-One**
**Wire Fraud**
(18 U.S.C. § 1343)

10. The Grand Jury realleges and incorporates by reference the allegations set forth in Paragraphs 1 through 9 of this Indictment.

11. Beginning on a date unknown but not later than in or about 2021, and continuing through in or about June 2022, SHUYI MO, a/k/a "Justin Mok," aiding and abetting others, devised and intended to devise a scheme to defraud the United States of duties lawfully owed to it, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means

12. Beginning on a date unknown but not later than in or about 2021 and continuing through in or about June 2022, SHUYI MO, a/k/a "Justin Mok," coordinated with Individual A, Company A, and others to transport PRC-manufactured porcelain mosaic tiles from PRC to Malaysia before shipping them to Puerto Rico, to make it appear as though Malaysia was the country of origin of the tiles.

13. SHUYI MO, a/k/a "Justin Mok," in coordination with Individual A and others, would arrange for the boxes containing PRC-manufactured porcelain tiles to be mislabeled with "made in Malaysia" stickers.

14. SHUYI MO, a/k/a "Justin Mok," through Morro, would charge Individual A and Company A a fee both for shipping porcelain mosaic tiles from PRC to Malaysia, and for later mislabeling the boxes containing these tiles.

15. SHUYI MO, a/k/a "Justin Mok," aiding and abetting Individual A, Company A, and others, caused false representations to be made to United States Customs and Border Protection personnel in that the documents submitted in connection with Company A's importation of porcelain mosaic tiles falsely represented the tiles' country of origin as Malaysia when SHUYI MO, a/k/a "Justin Mok," and Individual A well knew that the tiles were actually

3

manufactured in PRC.

### Execution

16. On or about each of the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant,

SHUYI MO, a/k/a "Justin Mok"

,

aiding and abetting Individual A and others, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below for each count, each transmission constituting a separate count.

| Count | Date (on or about) | Description |
|---|---|---|
| 1. | June 13, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "For the porcelain mosaic. How do you think of transfer to Malaysia to reload the containers" |
| 2. | June 13, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Exporting from Malaysia to PR you don't need to pay 25%." |
| 3. | June 13, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "I will have to transfer to Malaysia and have…unload ctn change box to say made in Malasia and then reload." |
| 4. | June 15, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "For the porcelain Mosaic, we can continue them and re load in Malasia" |
| 5. | June 15, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "For the porcelain mosaic, we can trans load in Malasia and use Malasia company name" |

4

manufactured in PRC.

### Execution

16. On or about each of the dates set forth below, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant,

SHUYI MO, a/k/a "Justin Mok"

,

aiding and abetting Individual A and others, for the purpose of executing the scheme described above, and attempting to do so, caused to be transmitted by means of wire communication in interstate and foreign commerce the signals and sounds described below for each count, each transmission constituting a separate count.

| Count | Date (on or about) | Description |
|---|---|---|
| 1. | June 13, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "For the porcelain mosaic. How do you think of transfer to Malaysia to reload the containers" |
| 2. | June 13, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Exporting from Malaysia to PR you don't need to pay 25%." |
| 3. | June 13, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "I will have to transfer to Malaysia and have…unload ctn change box to say made in Malasia and then reload." |
| 4. | June 15, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "For the porcelain Mosaic, we can continue them and re load in Malasia" |
| 5. | June 15, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "For the porcelain mosaic, we can trans load in Malasia and use Malasia company name" |

4

| | | |
|---|---|---|
| 6. | June 15, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "Is not that easy to send via Malaysia. It has to get to Malaysia. Be unloaded and boxes must say made in Malaysia then re loaded and shipped" |
| 7. | June 15, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "We can put 'made in Malaysia' stickers here in China before loading." |
| 8. | June 18, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "I just got noticed from customs to summit samples of the container that are arriving end if month" |
| 9. | June 18, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "We transfer to Malaysia next time" |
| 10. | June 18, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "Yes has to be Malasia no mote china. I am branded they will check all my ctn." |
| 11. | June 21, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "When is material going to be ready to ship to transport to mala" |
| 12. | June 21, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Most of the porcelain mosaic are ready." |
| 13. | June 23, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "I sent you like first Malaysia container PI by email" |
| 14. | June 23, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "I will review and confirm. To be clear. They will take to Malasia and re pack all and all boxes will say made in Malasia correct nothing made in China" |
| 15. | June 23, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "No made in China" |
| 16, | June 23, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "We put 'made in Malaysia' there |
| 17 | June 23, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "Yea but nothing saying China can be in the boxes or anywhere we are clear on it correct. What box are you going to use" |
| 18. | June 23, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Sure. This must be careful. The trans loading company is working on that. They are very professional. We can copy them" |

5

| 19. | June 23, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "They suggest no 'made in Malaysia' or 'made in China on the box. All legal documents provided by Malaysia" |
| --- | --- | --- |
| 20. | June 23, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "Boxes have to say made in Malasia just like in China have to say made in China" |
| 21. | July 28, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Pull the old item names off. Put new stickers and repacking pallets cost us 400 usd more" |
| 22. | July 28, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "The label each box most look perfect because if not they will notice if inspected" |
| 23. | July 30, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Let me know the code name ASAP .Shall we change it in the cartons.Or only in the invoice." |
| 24. | July 30, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "In the glass is ok no problems  It's only the porcelain" |
| 25 | July 30, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "We only put names for the porcelain .No code number" |
| 26. | July 30, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "Will the custom check or not?" |
| 27. | July 30, 2021 | Text message from Individual A to SHUYI MO, a/k/a "Justin Mok" stating: "I don't know.  What I do know us that one ctn from cayenne a d two of yours got in.  And customs requested only yours to go to inspection." |
| 28. | July 30, 2021 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "I also load containers to Other states" |
| 29. | February 21, 2022 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "They will give us the container 20 days free in the warehouse.  We d better check the freight from Mali to San Jan before the container leave China." |
| 30. | March 4, 2022 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating: "We need to put stickers 'made in mali'" |
| 31. | April 27, 2022 | Text message from SHUYI MO, a/k/a "Justin Mok" to Individual A stating "2 porcelain mosaic on way to you from Mali" |

All in violation of 18 U.S.C. §§ 1343 and 2.

6

## COUNT THIRTY-TWO
### Conspiracy to Commit Wire Fraud
(18 U.S.C. § 1349)

17. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 16 of this Indictment.

18. Beginning on a date unknown but not later than in or about 2021 and continuing through in or about June 2022, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant,

SHUYI MO, a/k/a "Justin Mok"

 

did knowingly and unlawfully conspire and agree with Individual A and others to commit wire fraud, contrary to 18 U.S.C. § 1343. All in violation of 18 U.S.C. § 1349.

7

## COUNT THIRTY-THREE
### Conspiracy to Defraud the United States
(18 U.S.C. § 371)

19. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 16 of this Indictment.

20. Beginning on a date unknown but not later than in or about 2021 and continuing through in or about June 2022, in the District of Puerto Rico and elsewhere within the jurisdiction of this Court, the defendant,

SHUYI MO, a/k/a "Justin Mok"

,

did knowingly and willfully conspire and agree with Individual A and others to defraud the United States by smuggling and clandestinely introducing, and attempting to smuggle and clandestinely introduce, porcelain mosaic tiles manufactured in PRC, by falsely representing to the U.S. Customs and Border Protection that said merchandise was of Malaysian origin with the intent to deprive the United States of anti-dumping, countervailing, and other duties lawfully accruing upon said tiles, contrary to 18 U.S.C. § 545.

### Object of the Conspiracy

21. The object of the conspiracy was for SHUYI MO, a/k/a "Justin Mok" to help Individual A and Company A evade payment to the United States of duties lawfully owed on porcelain mosaic tiles manufactured in PRC.

## Overt Acts

22. One or more overt acts were committed in furtherance of the conspiracy, including, but not limited to, the following:

   a. On a particular date unknown, but between in or about October 2021 and in or about January 2022, SHUYI MO, a/k/a "Justin Mok," aiding and abetting others, caused a container with porcelain tiles manufactured in PRC to be shipped from PRC to Malaysia.

   b. On a particular date unknown, but between in or about October 2021 and in or about January 2022, SHUYI MO, a/k/a "Justin Mok," aiding and abetting others, caused "Made in Malaysia" labels to be placed on boxes containing porcelain tiles manufactured in PRC.

   c. On or about January 22, 2022, SHUYI MO, a/k/a "Justin Mok," aiding and abetting others, caused a container with porcelain tiles manufactured in PRC to be shipped from Malaysia to Puerto Rico.

   d. In or about March 2022, SHUYI MO, a/k/a "Justin Mok," aiding and abetting others, caused the country of origin of porcelain mosaic tiles that arrived in Puerto Rico to be misrepresented as Malaysia, when the country of origin was, in fact, PRC.

   All in violation of 18 U.S.C. § 371.

## FORFEITURE ALLEGATION

23. The allegations contained in this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981(a)(1)(D), and 21 U.S.C. § 2461(c).

## FORFEITURE ALLEGATION

23. The allegations contained in this Indictment are realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 2461(c).

24. Upon conviction of any offense alleged in this Indictment, the defendant, SHUYI MO, a/k/a "Justin Mok," shall forfeit to the United States pursuant to 18 U.S.C. §981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes, or is derived from proceeds traceable to the offenses. If any such property, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. § 2461(c).

**TRUE BILL**

*/s/*

**FOREPERSON**

W. STEPHEN MULDROW
United States Attorney

*/s/*

Seth A. Erbe
Assistant United States Attorney
Chief, Financial Fraud & Public Corruption Section

*/s/*

Alexander L. Alum
Assistant United States Attorney

10